Brian R. CARTMELL, an individual, and as attorney-in-fact and agent acting on behalf of the shareholder Representative for the former eNIC Corporation shareholders; et al., Plaintiffs—Appellees,

v.

VERISIGN, INC., a Delaware corporation, Defendant—Appellant.

No. 03–35209.

D.C. No. CV–02–02411–JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2004.

Decided Aug. 25, 2004.

Derek Alan Newman, Newman & Newman LLP, Seattle, WA, for Plaintiffs–Appellees.

Gwendolyn C. Payton, Lane Powell Spears Lubersky L.L.P., Seattle, WA, for Defendant–Appellant.

Before KLEINFELD and CALLAHAN, Circuit Judges, and BERTELSMAN,* District Judge.

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

## MEMORANDUM **

VeriSign, Inc., a Delaware corporation, appeals the district court's denial of its motion to compel arbitration. We review that denial de novo. *See Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1169 (9th Cir.2003). Similarly, we review the court's determinations of arbitrability, like the interpretation of any contractual provision, de novo. *See Republic of Nicaragua v. Standard Fruit Co.,* 937 F.2d 469, 474 (9th Cir.1991).

Under the Federal Arbitration Act, which governs this appeal, we resolve "any doubts concerning the scope of arbitrable issues ... in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Nevertheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (quoting *Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)).

The contract at issue here expressly requires the parties to arbitrate only the calculation of revenues, the calculation of "Registrations," and the completion of "Regulatory Goals." This language unambiguously reflects the parties' intent to arbitrate only those narrow issues. The

** This disposition is not appropriate for publication and may not be cited to or by the

Appellees' suit does not fall within that agreement to arbitrate.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.